IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTI L. SUTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:20-CV-03026-DGK-SSA |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Christi Sutton's application for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434. The Administrative Law Judge ("ALJ") found Plaintiff had severe physical impairments as well as severe mental disorders variously diagnosed as borderline personality disorder, major depressive disorder, and post-traumatic stress disorder ("PTSD"), but she retained the residual functional capacity ("RFC") to work as a retail marker and garment sorter.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff initially filed an application for disability insurance benefits on March 21, 2018, alleging a disability onset date of February 28, 2017. The Commissioner denied the application at

the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing and on September 3, 2019, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on November 26, 2019, leaving the ALJ's decision as the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance, but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S.Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close."). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination

2

Case 6:20-cv-03026-DGK   Document 12   Filed 11/24/20   Page 2 of 6

medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues the ALJ erred at Step Four by failing to support the mental RFC with substantial evidence. More specifically, Plaintiff contends the ALJ failed to incorporate all limitations documented in the record and failed to properly consider the opinion evidence. Both arguments are unavailing.

With respect to the first argument, the ALJ incorporated all of Plaintiff's *credible* limitations documented in the record. Because substantial evidence supports the ALJ's decision to discount Plaintiff's subjective claims, and because the ALJ gave good reasons for doing so, this is not a basis on which the Court can reverse or remand. *See McDade v. Colvin*, 720 F.3d 994, 998 (8th Cir. 2013). Plaintiff's claims of mental disability are undercut by objective evidence suggesting it did not rise to the level of disabling. As noted in Defendant's brief, there is a wealth of evidence in the record indicating Plaintiff's memory and cognitive function were intact, she was cooperative, her mood and affect were generally normal, she exhibited good attention and concentration, she had normal hygiene and grooming, and her judgment and insight were intact.[2] The ALJ also correctly noted Plaintiff "has not required aggressive mental health treatment or frequent psychiatric hospitalization during the relevant period; rather, she has managed her symptoms primarily through medication, with intermittent counseling and a single psychiatric inpatient hospitalization, seemingly unrelated to [her] attempt to escape an abusive marriage." R. at 18. These are sound reasons to discount her credibility. *Milam v. Colvin*, 794 F.3d 978, 985

---

of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

[2] The citations to the record supporting these findings are exhaustive and will not be repeated here. They can be found on page five of Defendant's brief (Doc. 10).

(8th Cir. 2015) (holding the ALJ may consider conservative treatment as a negative factor in assessing claimant's reported symptoms).

The ALJ also observed that Plaintiff's daily activities were inconsistent with her allegations of disabling mental limitations. R. at 15-16, 17-18. The record shows Plaintiff was the sole caretaker for her four-year-old daughter, did household and yard work without encouragement from others, shopped in stores, socialized with others (including meeting in a restaurant for a meal once per week), got along well with authority figures, and had no trouble with personal care or handling all of her own financial matters. R. at 242-47. This evidence suggests Plaintiff's condition was not disabling. *See Julin v. Colvin*, 826 F.3d 1082, 1087 (8th Cir. 2016) (noting the claimant's activities of daily living showed she was capable of completing simple tasks, leaving her home, and interacting with others).

Finally, other evidence in the record undercut the credibility of Plaintiff's reports concerning the severity of her mental symptoms. Plaintiff continued to work part-time as a mail carrier during the relevant period, a factor which can indicate the claimant is able to do more work than she has actually done. 20 C.F.R. §404.1571; *see Tindell v. Barnhart,* 444 F.3d 1002, 1006 (8th Cir. 2006). And in April of 2017—two months into the relevant period—Plaintiff reported to a health care provider that she was planning to get a job, but her ability to do so was limited by her need to procure childcare for her daughter. R. at 19, 479. The following month, she told a different provider that "she had a job at Wal-Mart, but she couldn't get child care." R. at 1089. Evidence in the record also indicates Plaintiff's mental health struggles were often attributable to situations in her life, including problems with family and other relationships. And mental symptoms caused by situational factors are generally not disabling. *See, e.g., Gates v. Astrue*, 627 F.3d 1080, 1082

(8th Cir. 2010) (holding situational depression related to marital issues which improved with medication and counseling was not disabling).

Thus, the Court cannot say the ALJ erred by incorporating in the RFC only those limitations he found credible.

Plaintiff's second argument, that the ALJ failed to properly consider the opinion evidence, is also unavailing. The ALJ considered opinion evidence related to Plaintiff's mental health submitted by four different sources. He summarized each opinion and explained how much weight he gave it and why. Take, for example, the opinion of Dr. Aroon Suansilppongse, M.D., a state agency consultant, who reviewed Plaintiff's file and submitted an opinion form. R. at 20, 1126-45. The ALJ noted Dr. Suansilppongse found Plaintiff was markedly limited in her ability to concentrate, persist, or maintain pace.[3] R. at 20, 1138, 1140. The ALJ found Dr. Suansilppongse's opinion "unpersuasive" because it was "widely inconsistent with the claimant's presentation [during] examinations, during which she typically exhibits normal behavior, as well as with her continued daily activities, which include caring for her young daughter, driving independently, working part-time as a mail carrier," as well as traveling to a casino and to Arizona to visit her boyfriend. R. at 20. Since the ALJ's findings concerning how much weight to give this opinion (and the other three opinions relevant to Plaintiff's mental health) are supported by substantial evidence on the record, there is no basis for the Court to reverse the ALJ's decision or order remand. *Buckner*, 646 F.3d at 556.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

---

[3] Although the ALJ did not mention this, the Court notes Dr. Suansilppongse also stated that Plaintiff's "alcohol use would interfere with her adaptability in a routine work setting." R. at 1144. This finding is both unsupported by the record—which does not indicate that Plaintiff had an alcohol problem—and beyond the scope of Dr. Suansilppongse's expertise as a physician because it is a vocational assessment. R. at 1144.

**IT IS SO ORDERED.**

Date:  November 24, 2020  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT